Steven H. Haney, SBN 121980
GREGORY L. YOUNG, SBN 226293
**HANEY & YOUNG LLP**
1055 West Seventh Street, Suite 1950
Los Angeles, California 90017
Telephone: (213) 228-6500
Facsimile: (213) 228-6501
E-Mail: shaney@haneyyoung.com
gyoung@haneyyoung.com

Attorneys for Plaintiff,
BEULAH DARLENE DEXTER

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

BEULAH DARLENE DEXTER, an individual;

PLAINTIFF,

v.

THE BOEING COMPANY, a Delaware Corporation; BOEING DEFENSE, SPACE & SECURITY, a division of BOEING, business entity form unknown; BOEING NETWORK & SPACE SYSTEMS, a part of BOEING DEFENSE, SPACE & SECURITY, a business entity, form unknown, and DOES 1-10;

DEFENDANTS.

**CASE NO. 2:16-CV-9332**

**COMPLAINT FOR DAMAGES**

**1) DISCRIMINATION BASED UPON RACE AND ENGAGEMENT IN PROTECTED ACTIVITY IN VIOLATION OF THE CALIFORNIA AND HOUSING ACT ("FEHA"), Cal. Gov. Code §12940(a), *et. seq*.;**

**(2) HARASSMENT BASED UPON RACE AND ENGAGEMENT IN PROTECTED ACTIVITY IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT, Cal. Gov. Code §12940(j), *et. seq*.;**

**3) DISCRIMINATION BASED UPON GENDER AND ENGAGEMENT IN PROTECTED ACTIVITY IN VIOLATION OF THE CALIFORNIA AND HOUSING ACT ("FEHA"), Cal. Gov. Code §12940(a), *et. seq*.;**

**4) HARASSMENT BASED UPON GENDER AND ENGAGEMENT IN PROTECTED ACTIVITY IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT, Cal. Gov. Code §12940(j), *et. seq*.;**

*[continued on next page]*
**5) FAILURE TO PREVENT**

**5) FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND/OR RETALIATION IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT, Cal. Gov. Code §12940(k);**

**6) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**

**7) NEGLIGENT SUPERVISION;**

**8) NEGLIGENT RETENTION; AND**

**DEMAND FOR JURY TRIAL**

Plaintiff BEULAH DARLENE DEXTER (hereafter sometimes referred to as "Dexter") alleges as follows:

HANEY & YOUNG, LLP
1055 West Seventh Street, Suite 1950
Los Angeles, California 90017
Telephone: (213) 228-6500
Facsimile: (213) 228-6501

## THE PARTIES

### PLAINTIFF

1. Plaintiff BEULAH DARLENE DEXTER, an individual, is a current employee of The Boeing Company, working at the El Segundo facility.

2. Plaintiff is, and at all relevant times herein was, an African-American employee of The Boeing Company, working at facilities in the City of El Segundo, in the County of Los Angeles, State of California.

### DEFENDANTS

3. Plaintiff is informed and believes that Defendant THE BOEING COMPANY (sometimes referred to herein as "Boeing") is a Delaware Corporation doing business, and employing over 16,000 people, in the State of California, with a major manufacturing and business facility in the City of El Segundo, County of Los Angeles.

4. Plaintiff is informed and believes that Defendant BOEING DEFENSE SPACE & SECURITY ("Boeing DS&S") is a division of Boeing doing business in the State of California.

5. Plaintiff is informed and believes that Defendant BOEING NETWORK & SPACE SYSTEMS ("Boeing NS&S") is a part of Boeing DS&S, which does business in the State of California.

6. At the time of the filing of this Complaint, Plaintiff is unaware of the true names and capacities of the Defendants, who are the employees, agents, representatives, co-conspirators and/or are otherwise acting on behalf of Defendants Boeing, Boeing DS&S and Boeing NS&S (hereafter collectively referred to as "Boeing"), and therefore sues these persons using the fictitious names Does 1-10, inclusive. Plaintiff will amend the Complaint to allege the true names and capacities of the Doe Defendants when such have been ascertained. Defendants Boeing and Does 1-10 are sometimes hereafter collectively referred to as "Defendants."

HANEY & YOUNG, LLP
1055 West Seventh Street, Suite 1950
Los Angeles, California 90017
Telephone: (213) 228-6500
Facsimile: (213) 228-6501

7. Plaintiff is informed and believes and thereon alleges, that each of the fictitiously named Defendants are in some manner responsible for the occurrences, acts and omissions alleged herein, and that Plaintiff's damages as alleged herein were proximately caused by such occurrences, acts and omissions of said Doe Defendants, and by each of them. When Plaintiff alleges conduct against any Defendant hereafter, said Defendant will include the named Defendants and Defendant Does 1-10.

8. Defendants Boeing and Does 1-10 were and are at all relevant times acting as the agents, partners, joint venturers and co-conspirators of each other, with each act or omission being perpetrated within the scope of the agency, partnership, venture or conspiracy.

9. Plaintiff has suffered losses in excess of the jurisdictional minimum of the Court, which will be established according to proof at time of trial.

## JURISDICTION AND VENUE

10. Jurisdiction is proper in the Federal Court because Plaintiff's case, along with her former Co-Plaintiffs, was previously removed by Defendants pursuant to diversity jurisdiction per 28 U.S.C. § 1332 and no Motion to remand was filed. As a result, this Court has already exercised jurisdiction over the case.

11. Venue is proper in this District because the defendants and each of them have engaged in significant business operations, and the employment of thousands of people, in the County of Los Angeles, California, including a facility in El Segundo, wherein Plaintiff is or was employed, and wherein each of the harms to Plaintiff complained of herein occurred.

## FACTUAL ALLEGATIONS

12. In 1865, The United States Congress abolished slavery by passing the 13th Amendment to the Constitution. What followed were years of the infamous Jim Crow laws in the South, the Ku Klux Klan, and disparate treatment against African Americans, including the highest unemployment rate of any ethnicity in history, a widespread refusal by white America to promote African Americans to higher level managerial positions, and unequal pay for African Americans doing the same work as their higher paid Caucasian co-employees. With the passage of the Civil Rights Act of 1964, it appeared America had turned a corner. The message was now clear: there was to be "no discrimination against persons based on race or ethnicity." While most of America got that message, it has become obvious that at least one major multi-cultural company either was not listening or simply chose to ignore the law. That company is Boeing.

13. Boeing has in its agreement with its employees a written policy that states:

> "The Employer and the Union agree that, in applying the terms of this Agreement, neither party will discriminate against any employee because of race, national origin, sex, age, color, creed, physical handicap, sexual orientation or for any other reason prohibited by law."

Boeing, specifically at its El Segundo, California location, has violated this policy by continuing its well-established pattern of creating a corporate culture wherein employees of African American descent are subjected to disparate treatment, harassment, public embarrassment, and ridicule by managers and colleagues, and a number of adverse employment actions including failure to be promoted to positions

HANEY & YOUNG, LLP
1055 West Seventh Street, Suite 1950
Los Angeles, California 90017
Telephone: (213) 228-6500
Facsimile: (213) 228-6501

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

for which they are qualified, being initially hired into lower-tier jobs than comparably qualified Caucasian candidates, failure to receive preferred job assignments, failure to receive job assignments necessary for promotion, and/or termination.

14. The list of Boeing's violations of state and federal anti-discrimination laws is too long to recite. A few examples of Boeing's willful discrimination are:

1) A 1997 Boeing internal audit found that "Blacks received lower starting salaries than Caucasians" doing comparable work, and found Boeing exhibited "racial bias" against hiring African Americans.

2) Boeing dodged a bullet in 1998 when it paid 43 African Americans only $4.5 million for Labor Code violations in an action brought by the U.S. Department of Labor. Boeing's Director of Employee Relations, Marcella Fleming, told Boeing management that "Boeing's potential liability in that case was $120,000,000."

3) In 1999, Boeing paid a large group of African American employees $15,000,000 in *Staton v. Boeing Co.*, Case No. CV-98-00761-JCC. Much more significant than the $15,000,000 payment is the fact that Boeing has paid $1.3 ***billion*** "off the books" to keep the quota industry and federal government investigators and regulators (e.g. EEOC and Department of Labor) off their backs.

Boeing's internal protections are inadequate to protect employees from discrimination. In its most recent transgression, members of the Human Resources department and managers tasked with preventing discrimination, including but not limited to Sandy Specht, openly exhibit discriminatory behavior and failed to properly investigate claims of racial discrimination.

15. In addition to its flagrant racial discrimination, Boeing, specifically at its El Segundo, California location, allows for systemic nepotism, creating an

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

environment wherein senior or preferred Caucasian employees and Caucasian family members or associates of senior or preferred employees are hired into more desirable jobs, wrongfully provided with interview questions in advance of hiring or promotion interviews, and routinely transferred between jobs and departments in such a way to allow for their career advancement at the expense of similarly qualified employees who are not related to or associated with senior or preferred employees. These family members and associates of senior and preferred employees are also routinely transferred between jobs and departments in such a way as to insulate them from layoffs.

16. By allowing the nepotism described herein to occur, Boeing is blatantly violating its own internal policies and procedures, specifically, but not limited to, Procedure PRO-58, "employment of Relatives and Close Personal Friends."

17. Similarly, hiring and promotion decisions are sometimes affected by improper relationships between Boeing employees and employees of Boeing vendors, many of whom are former employees of Boeing themselves. These decisions sometimes also include nepotism and race discrimination. By way of example, Ron McFatridge, a former Caucasian employee of Boeing vendor Cicon, who came to work for Boeing before retiring, hired other former Cicon employees and promoted them ahead of other Boeing employees with more experience. Mr. McFatridge and the other former Cicon employees hired by Boeing then created an improper client-vendor relationship with Boeing, in violation of Boeing's own internal policies, to the detriment of Boeing itself, and to the detriment of its employees who are members of protected classes, including racial minorities, and those who are not members of the nepotistic preferred "old boy network" of Boeing employees.

18. As further example of the impermissible nepotism at the Boeing El Segundo facility, Boeing manager Chuck Brockett, Caucasian, was impermissibly involved in the hiring process for his nephew Cody Oleson, also Caucasian, and not only had direct input in Oleson's hiring, but was also Oleson's supervisor up until the

time the Oleson was promoted to a salary position – leap frogging a number of more experienced and more qualified African American employees. What is more, Caucasian Boeing manager Brent Patchell was able to secure employment for his son, step-daughter, daughter-in-law, sister-in-law and brother-in-law, all Caucasian. Patchell's son, Curtis Patchell, and his step-daughter, Nicole Perez, were all hired by Chuck Brockett, and initially worked under Brockett before quickly being promoted to salary positions, similar to the unjustified career advancement of Brockett's nephew, Oleson. Brockett also hired and quickly promoted Vanessa Sarria, who is the daughter in law of another long-time Boeing employee. Recently, Joshua Bristol, the son of long-time Caucasian employee, Kenneth Bristol, was hired as a favor to his father. In all of these instances of nepotism, the perpetrators received at most a verbal warning, and often no punishment at all. This nepotism manifests itself as race discrimination.

19. African American employees at Boeing, El Segundo are frequently victims of disparate treatment. For example, Caucasian Boeing employee Brian Sullivan received a DUI while working remotely at a satellite launch and was given only the very mild punishment of being put on an alternate work week. African-American employees receive much harsher punishments for less serious infractions. Other instances of similar disparate treatment are set forth herein.

## FACTUAL ALLEGATIONS SPECIFIC TO PLAINTIFF DEXTER

20. Plaintiff BEULAH DARLENE DEXTER is a female African American.

21. On May 5, 2016, Plaintiff Dexter filed an Administrative Complaint with the Department of Fair Housing and Employment ("DFEH"), in compliance with the applicable provisions of the government code. The DFEH issued Dexter a Notice of Case Closure and the attendant Right to Sue notice authorizing this lawsuit. A true and correct copy of this Notice is attached hereto as **Exhibit "A."**

22. Plaintiff Dexter was employed by Boeing since 1996, and worked as a contractor for Boeing for eight (8) years prior to being hired there. Prior to being laid

HANEY & YOUNG, LLP
1055 West Seventh Street, Suite 1950
Los Angeles, California 90017
Telephone: (213) 228-6500
Facsimile: (213) 228-6501

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

off on July 23, 2015, Dexter worked as a Structural Mechanical Design Engineer, Level 3.

23. Plaintiff Dexter holds an Associate's Degree in Engineering, a Bachelor of Arts in Business, and a Masters of Business Administration.

24. Plaintiff Dexter was the victim of racial discrimination and prejudice throughout her career at Boeing. For example, Suzy Cota, another Boeing employee told Plaintiff that she should not associate with other black employees, specifically Monica Martin, because "it doesn't look right."

25. Plaintiff Dexter spent her final ten years at Boeing employed as a Structural Mechanical Design Engineer, Level 3. Plaintiff inquired about the process by which she could be promoted to Level 4. Plaintiff's supervisors refused to even tell her the criteria for advancement. Meanwhile, other, primarily Caucasian employees, with less seniority and less education, advanced from Level 3 to Level 4.

26. Over the course of her career at Boeing, Plaintiff Dexter was a conscientious and vigilant employee who would always report problems and issues that she encountered as part of her employment. Plaintiff Dexter's superiors frequently did not appreciate her adherence to the rules and her perceptiveness with regard to work being performed improperly.

27. As an example of her adherence to procedural and manufacturing rules, Plaintiff Dexter once observed that a thermal blanket was not properly installed on a satellite. Plaintiff told the manager who requested that she inspect the blanket that it needed to be removed and reinstalled properly. This manager refused to do what Plaintiff recommended. As a result of this disagreement, the male manager physically pushed and poked Plaintiff Dexter. This altercation was witnessed by Boeing employee Steve Segorian.

28. Because of Plaintiff's race, and because of her reputation for frequently pointing out procedural and manufacturing wrongdoing, Plaintiff Dexter's complaints

relating to this incident were ignored, and the manager who assaulted her went unpunished.

29. As a further example of Plaintiff's refusal to participate in procedural and manufacturing impropriety at Boeing, on multiple occasions, Plaintiff Dexter was asked to sign off on work that she did not perform, as if she had performed that work herself. Plaintiff Dexter always refused, upsetting some coworkers and superiors.

30. Plaintiff was retaliated against for bringing to light the racial discrimination she suffered, and for pointing out manufacturing and procedural issues.

31. This retaliation included being stripped of professional certifications for which Plaintiff Dexter was qualified, and which she had previously held. This was done by Boeing employee Dave Wiltz, who also discriminated against other employees, including Plaintiff Garrett.

32. Plaintiff was also discriminated and retaliated against by her supervisors' refusal to promote her to positions for which she was qualified.

33. This retaliation and discrimination ultimately led to Ms. Dexter being terminated from Boeing.

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

## FIRST CAUSE OF ACTION

## (DISCRIMINATION BASED UPON RACE AND ENGAGEMENT IN PROTECTIVE ACTIVITY IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT ("FEHA"), Cal. Gov. Code §12940(a), et. seq.;)

**(By Plaintiff Against All Defendants and Does 1-10, inclusive)**

34. Plaintiff hereby incorporates by reference and re-allege each and every allegation contained in Paragraphs 1 through 33, inclusive, as if fully set forth herein.

35. Government Code Section 12940(a) makes it an unlawful employment practice for any employer to discriminate on the basis of race, by making unlawful said discrimination in compensation or in terms, conditions or privileges of employment. Government Code Section 12926(n) also states that "race" includes an

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

employee who is associated with a person who has, or is perceived to have those characteristics.

36. Defendants violated this prohibition on discriminatory acts or omissions based upon race, and engagement in protected activity for making claims of discrimination, and for subjecting Plaintiff to disparate treatment as set forth in the Common Allegations, above.

37. FEHA does not require that an employer's discriminatory act constitute one swift blow, rather than a series of subtle yet damaging injuries. The individual acts of discriminatory conduct as described herein, as well as the totality of such conduct, constitute an adverse employment action. Moreover, FEHA protects an employee against unlawful discrimination with respect not only to "ultimate employment actions" such as termination or demotion, but also the entire spectrum of employment actions that are reasonably likely to adversely or materially affect an employee's job performance or opportunity for advancement in her career.

38. As a result of Defendants' discriminatory conduct, Plaintiff has suffered both economic and non-economic damages. Additionally, in committing the above-described acts, Defendants acted in a willful, oppressive and malicious manner towards Plaintiff and with the intent to vex, annoy, injure and harass Plaintiff in complete disregard to the harm that this conduct would cause. Plaintiff is therefore entitled to punitive damages in an amount according to proof at trial against all Defendants except any Defendant who is specifically excluded by law from being liable for punitive damages.

///
///
///

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

## SECOND CAUSE OF ACTION

**(HARASSMENT BASED UPON RACE AND ENGAGEMENT IN PROTECTED ACTIVITY IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT ("FEHA"),**

**Cal. Gov. Code §12940(j), *et. seq*.;)**

**(By Plaintiff Against All Defendants and Does 1-10, inclusive)**

39. Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 38, as set forth above.

40. Government Code Section 12940(j) makes it an unlawful employment practice for any employer to harass an employee, or any person providing services thereto on the basis of race, or to create a hostile work environment based thereon. Government Code Section 12926(n) also states that racial harassment is actionable even if the employee is associated with a person who has, or is perceived to have those characteristics.

41. Defendants violated this prohibition on discriminatory and harassing acts or omissions based upon race and engaging in the California protected activity of filing a Fair Employment and Housing Act ("FEHA") claim with the Department of Fair Employment and Housing ("DFEH"), by, among other things, subjecting Plaintiff to the treatment as set forth in Common Allegations ¶¶ 12-33, above, and in the allegations made by Plaintiff herein.

42. As a result of Defendants' harassing conduct, Plaintiff has suffered both economic and non-economic damages. Additionally, in committing the above-described acts, Defendants acted in a willful, oppressive and malicious manner towards Plaintiff and with the intent to vex, annoy, injure and harass Plaintiff in complete disregard to the harm that this conduct would cause her. Plaintiff is therefore entitled to punitive damages in an amount according to proof at trial against all Defendants except any Defendant who is specifically excluded by law from being liable for punitive damages.

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

## THIRD CAUSE OF ACTION

## (DISCRIMINATION BASED UPON GENDER AND ENGAGEMENT IN PROTECTED ACTIVITY IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT ("FEHA"), Cal. Gov. Code §12940(a), et. seq.;)

**(By Plaintiff Against All Defendants and Does 1-10, inclusive)**

43. Plaintiff hereby incorporates by reference and re-alleges each and every allegation contained in Paragraphs 1 through 42, inclusive, as if fully set forth herein.

44. Government Code Section 12940(a) makes it an unlawful employment practice for any employer to discriminate on the basis of gender, by making unlawful said discrimination in compensation or in terms, conditions or privileges of employment.

45. Defendants violated this prohibition on discriminatory acts or omissions based upon gender, and engagement in protected activity for making claims of discrimination, and for subjecting Plaintiff to disparate treatment as set forth in the Common Allegations, above.

46. FEHA does not require that an employer's discriminatory act constitute one swift blow, rather than a series of subtle yet damaging injuries. The individual acts of discriminatory conduct as described herein, as well as the totality of such conduct, constitute an adverse employment action. Moreover, FEHA protects an employee against unlawful discrimination with respect not only to "ultimate employment actions" such as termination or demotion, but also the entire spectrum of employment actions that are reasonably likely to adversely or materially affect an employee's job performance or opportunity for advancement in her career.

47. As a result of Defendants' discriminatory conduct, Plaintiff has suffered both economic and non-economic damages. Additionally, in committing the above-described acts, Defendants acted in a willful, oppressive and malicious manner towards Plaintiff and with the intent to vex, annoy, injure and harass Plaintiff in

complete disregard to the harm that this conduct would cause. Plaintiff is therefore entitled to punitive damages in an amount according to proof at trial against all Defendants except any Defendant who is specifically excluded by law from being liable for punitive damages.

**<u>FOURTH CAUSE OF ACTION</u>**

**(HARASSMENT BASED UPON GENDER AND ENGAGEMENT IN PROTECTED ACTIVITY IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT ("FEHA"), Cal. Gov. Code §12940(j), et. seq.;)**

**(By Plaintiff Against All Defendants and Does 1-10, inclusive)**

48. Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 47, as set forth above.

49. Government Code Section 12940(j) makes it an unlawful employment practice for any employer to harass an employee, or any person providing services thereto on the basis of gender, or to create a hostile work environment based thereon.

50. Defendants violated this prohibition on discriminatory and harassing acts or omissions based upon gender and engaging in the California protected activity of filing a Fair Employment and Housing Act ("FEHA") claim with the Department of Fair Employment and Housing ("DFEH") by, among other things, subjecting Plaintiff to the treatment as set forth in Common Allegations ¶¶ 12-33, above, and in the allegations made by Plaintiff herein.

51. As a result of Defendants' harassing conduct, Plaintiff has suffered both economic and non-economic damages. Additionally, in committing the above-described acts, Defendants acted in a willful, oppressive and malicious manner towards Plaintiff and with the intent to vex, annoy, injure and harass Plaintiff in complete disregard to the harm that this conduct would cause them. Plaintiff is therefore entitled to punitive damages in an amount according to proof at trial against

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

all Defendants except any Defendant who is specifically excluded by law from being liable for punitive damages.

**FIFTH CAUSE OF ACTION**

**(FAILURE TO PREVENT DISCRIMINATION, HARASSMENT AND/OR RETALIATION IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT ("FEHA", Cal. Gov. Code §12940(k), et. seq.;)**

**(By Plaintiff Against All Defendants and Does 1-10, inclusive)**

52. Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 51, as set forth above.

53. Government Code Section 12940(k) makes it an unlawful employment practice "for an employer . . . to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

54. Defendants violated this section by failing to prevent the discrimination and harassment, as set forth more specifically in Common Allegations ¶¶ 12-33, and in the allegations made by Plaintiff herein.

55. As a result of Defendants' conduct, Plaintiff has suffered both economic and non-economic damages. Additionally, in committing the above-described acts, Defendants acted in a willful, oppressive and malicious manner towards Plaintiff and with the intent to vex, annoy, injure and harass Plaintiff in complete disregard of the harm that this conduct would cause her. Plaintiff is therefore entitled to punitive damages in an amount according to proof at trial against all Defendants.

**SIXTH CAUSE OF ACTION**

**(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)**

**(By Plaintiff Against All Defendants and Does 1-10, inclusive)**

56. Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 55, as set forth above.

57. The conduct of various Boeing employees and former employees, including but not limited to, Mike Perez, Jim Bellows, Jim Schultz, Inga Coupe, Chuck Brockett, Heather O'Leary, Tom Senkevich, and Sandy Specht, among others, as set forth throughout, was extreme and outrageous, and done by with the intentional and/or reckless disregard of the probability of causing Plaintiff to suffer humiliation, mental anguish, emotional, and physical distress. Any racial discrimination cannot be tolerated by a civil society.

58. This conduct, as set forth *supra*, was a result of an intent to harass, retaliate, discriminate, and terminate Plaintiff, and ultimately inflict emotional distress upon Plaintiff.

59. Plaintiff suffered adverse employment actions on pre-textual grounds, but the true and only reason Plaintiff suffered adverse employment actions is because she is African American. Making decisions constituting adverse employment actions because of a person's race or ethnicity is oppressive and malicious, and constitutes extreme and outrageous conduct which goes beyond all bounds of decency and is atrocious and utterly intolerable in a civilized community. Boeing's veiled racism is no less damaging to affected persons than are openly and overtly racist acts. Indeed, in an advanced society with post-racial aspirations, it is heavily-veiled and subconscious racism which is largely responsible for perpetuating the societal inequalities that continue to hinder the progress of, and oppress, racial minorities.

60. As a proximate result of the aforementioned intentional acts, Plaintiff has suffered humiliation, mental anguish, emotional, and physical distress manifesting itself in such physical symptoms general stress induced change in appearance and temperament. These damages are not presently calculable and are subject to proof at time of trial.

61. In committing the above-described acts, Defendants acted in a willful, oppressive and malicious manner towards Plaintiff and with the intent to vex, annoy, injure and harass Plaintiff in complete disregard to the harm that this conduct would

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

cause her. Specifically, Plaintiff alleges, among other things, that she suffered various adverse employment actions, including terminations, failures to promote, failures to provide preferred and privileged job assignments which would allow for advancement, and hiring discrimination on the basis of their race; making decisions constituting adverse employment actions on the basis of race is outrageous conduct that goes beyond all bounds of decency and is atrocious and utterly intolerable in a civilized community. Plaintiff is therefore entitled to punitive damages in an amount according to proof at trial.

**SEVENTH CAUSE OF ACTION**

**(NEGLIGENT SUPERVISION)**

**(By Plaintiff Against All Defendants and Does 1-10, inclusive)**

62. Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 61, as set forth above.

63. Government Code, section 12940(k) makes it an unlawful employment practice "for an employer . . . to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

64. Defendants violated this section by failing to prevent the discrimination and harassment, as set forth more specifically in Common Allegations ¶¶ 12-33, and in the allegations made by Plaintiff herein.

65. Accordingly, Government Code, section 12940(k) establishes a duty for an employer to take all reasonable steps necessary to prevent discrimination and harassment from occurring. This duty includes the proper supervision of its employees to ensure that discrimination and harassment do not occur.

66. By failing to properly supervise its employees, and by allowing the conduct as set forth in Common Allegations ¶¶ 12-33, and in the allegations made by Plaintiff herein, to occur, Defendant Boeing breached its duty.

67. As a proximate result of that breach of duty, and of the ratification of discriminatory and harassing conduct of its employees, Defendant Boeing has caused

Plaintiff to suffer damages, including monetary, and in some cases emotional, harms as set forth herein. These damages are not presently calculable, and will be established according to proof at time of trial.

68. As a result of Defendants' conduct, Plaintiff has suffered both economic and non-economic damages. Additionally, in committing the above-described acts, Defendants acted in a willful, oppressive and malicious manner towards Plaintiff and with the intent to vex, annoy, injure and harass Plaintiff in complete disregard of the harm that this conduct would cause her. Plaintiff is therefore entitled to punitive damages in an amount according to proof at trial against all Defendants.

## EIGHTH CAUSE OF ACTION

## (NEGLIGENT RETENTION)

**(By Plaintiff Against All Defendants and Does 1-10, inclusive)**

69. Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 68, as set forth above.

70. Government Code, section 12940(k) makes it an unlawful employment practice "for an employer . . . to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

71. In some instances, including in the instant matter, all reasonable steps necessary to prevent discrimination and harassment from occurring should include the firing or dismissal of employees who commit discriminatory or harassing conduct.

72. Defendant Boeing owed, and continues to owe, Plaintiff a duty to fire, dismiss, or otherwise terminate employees who commit discriminatory or harassing conduct.

73. Defendant breached their duty to Plaintiff and others by negligently retaining employees who acted in a discriminatory or harassing manner and allowing by misconduct to continue unabated as set forth more specifically in Common Allegations ¶¶ 12-33, and in the allegations made by Plaintiff herein.

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

74. As a proximate result of that breach of duty, and of the ratification of discriminatory and harassing conduct of its employees, Defendant Boeing has caused Plaintiff to suffer damages, including monetary, and in some cases emotional, harms as set forth herein. These damages are not presently calculable, and will be established according to proof at time of trial.

75. As a result of Defendants' conduct, Plaintiff has suffered both economic and non-economic damages. Additionally, in committing the above-described acts, Defendants acted in a willful, oppressive and malicious manner towards Plaintiff and with the intent to vex, annoy, injure and harass Plaintiff in complete disregard to the harm that this conduct would cause her. Plaintiff is therefore entitled to punitive damages in an amount according to proof at trial against all Defendants.

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

**PRAYER FOR DAMAGES**

1. For an award for all compensatory damages sustained by Plaintiff by reason of Defendants wrongful acts complained of herein;
2. For exemplary and punitive damages where allows by law;
3. For a permanent injunction enjoining discriminatory, unfair, and unlawful business practices;
4. For costs of suit incurred herein;
5. For attorneys' fees as allowed by law; and
6. For such other and further relief as the Court may deem equitable, necessary, and just.

Dated: December 18, 2016

**HANEY & YOUNG, LLP**

By: /s/Gregory L. Young/
STEVEN H. HANEY
GREGORY L. YOUNG
Attorneys for Plaintiff,
BEULAH DARLENE DEXTER

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial in this matter.

Dated: December 18, 2016

**HANEY & YOUNG, LLP**

By: /s/Gregory L. Young/
STEVEN H. HANEY
GREGORY L. YOUNG
Attorneys for Plaintiff,
BEULAH DARLENE DEXTER

# EXHIBIT A

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency GOVERNOR EDMUND G. BROWN JR.

DEPARTMENT OF FAIR EMPLOYMENT & HOUSING DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

May 05, 2016

Aaron Lavine
1055 West 7th Street #1950
Los Angeles California 90017

RE: **Notice to Complainant or Complainant's Attorney**
DFEH Matter Number: 766302-226494
Right to Sue: Dexter / The Boeing Company

Dear Complainant or Complainant's Attorney:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue. Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer. You or your attorney must serve the complaint. If you do not have an attorney, you must serve the complaint yourself. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency
GOVERNOR EDMUND G. BROWN JR.
DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

May 05, 2016

RE: **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 766302-226494
Right to Sue: Dexter / The Boeing Company

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. This case is not being investigated by DFEH and is being closed immediately. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency
GOVERNOR EDMUND G. BROWN JR.
DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

May 05, 2016

Beulah Darlene Dexter
1055 West 7th Street #1950
Los Angeles, California 90017

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 766302-226494
Right to Sue: Dexter / The Boeing Company

Dear Beulah Darlene Dexter,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective May 05, 2016 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency
GOVERNOR EDMUND G. BROWN JR.
DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

Enclosures

cc:

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

## BEFORE THE STATE OF CALIFORNIA

## DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

**Under the California Fair Employment and Housing Act**

**(Gov. Code, § 12900 et seq.)**

In the Matter of the Complaint of
Beulah Darlene Dexter, Complainant.
1055 West 7th Street #1950
Los Angeles, California 90017

DFEH No. 766302-226494

vs.

The Boeing Company, Respondent.
100 North Riverside
Chicago, Illinois 60606

Complainant alleges:

1. Respondent **The Boeing Company** is a **Private Employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.). Complainant believes respondent is subject to the FEHA.

2. On or around **July 23, 2015**, complainant alleges that respondent took the following adverse actions against complainant: **Discrimination, Harassment, Retaliation Denied a work environment free of discrimination and/or retaliation, Denied promotion, Laid-off,** . Complainant believes respondent committed these actions because of their: **Age - 40 and over, Race, Sex - Gender** .

3. Complainant **Beulah Darlene Dexter** resides in the City of **Los Angeles**, State of **California**. If complaint includes co-respondents please see below.

**Additional Complaint Details:**

Complainant is an over-40-year-old African American female.

Like many minority employees of Boeing, Complainant was discriminated against, harassed, and retaliated against because she was not a member of the nepotistic old boy`s network of preferred employees and their families and/or associates.

Complainant spent her final ten years at Boeing employed as a Structural Mechanical Design Engineer, Level 3. Complainant inquired about the process by which she could be promoted to Level 4. Complainant`s supervisors refused to even tell her the criteria for advancement. Meanwhile, other, primarily Caucasian, younger, and/or male employees, with less seniority and less education, advanced from Level 3 to Level 4.

Complainant was the victim of racial discrimination and prejudice throughout her career at Boeing. For example, another Boeing employee told Complainant that she should not associate with other black employees because it doesn`t look right.

Complainant was known for her adherence to procedural and manufacturing rules, Plaintiff Dexter once observed that a thermal blanket was not properly installed on a satellite. Complainant told the manager who requested that she inspect the blanket that it needed to be removed and reinstalled properly. This manager refused to do what Complainant recommended. As a result of this disagreement, the male manager physically pushed and poked Complainant. Caucasian, younger, and/or male employees wee treated differently in similar situations.

Because of Plaintiffs race, age, and/or gender, and because of her reputation for frequently pointing out procedural and manufacturing wrongdoing,Complainant`s complaints relating to this incident were ignored, and the manager who assaulted her went unpunished.

Complainant was retaliated against for bringing to light the racial discrimination she suffered, and for pointing out manufacturing and procedural issues. This retaliation included being stripped of professional certifications for which Complainant was qualified, and which she had previously held.

Complainant was also discriminated and retaliated against by her supervisors refusal to promote her to positions for which she was qualified. This retaliation and discrimination ultimately led to Complainant being terminated from Boeing.

VERIFICATION

I, **Steven Haney**, am the Attorney for Complainant in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On May 05, 2016, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Los Angeles, California**
**Steven Haney**